MONROE BRIGGS, Appellant, v. DEMPSTER WHEELER, Respondent.

*Declarations made by a witness out of court, inconsistent with his evidence in court — when evidence thereof is admissible to contradict the witness.*

The action was brought in a justice's court where the plaintiff recovered $1.50 and costs. The County Court of Jefferson county reversed the justice's judgment, and the plaintiff appealed to this court. The plaintiff bought some grass seed of defendant, having the negotiations with one Edwin Wheeler, who was the agent of the defendant, as to the seed. One Crosby was called and testified that he remembered some money changing hands between plaintiff and Edwin Wheeler about some grass seed ; " I was present; it was at Mr. Wheeler's house in Henderson; * * * I saw the transaction about the seed; Mr. Briggs, the plaintiff, came along, his boy was with him; the first thing I remember was, Mr. Briggs asked him about the grass seed, how much it was; defendant told him the amount; * * * plaintiff asked him if he could change a bill, and Wheeler said he could, and Briggs handed him a ten dollar note and Wheeler handed him back some money; they then continued to talk of other matters and I went away; * * * I saw him take the bill and give Briggs the change."

The defendant offered to prove by Martha Hayes that, in the presence of Martha Hayes, witness Crosby admitted that he saw no money paid over by Briggs to Wheeler. This was objected to by the plaintiff " as illegal and incompetent, unless the party was present;" and " also as not allowed by any legal method of contradicting a witness." The justice sustained the objections and excluded the evidence.

The court at General Term said: " Neither ground of objection was tenable. As we have before seen, it is not necessary that either of the parties should be present to render competent declarations, made by a witness out of court, inconsistent with his testimony in court. The other objection was general

and indefinite. The most that could be implied from it was that the objector insisted that such a contradiction as was proposed was not competent or allowable. The ruling was placed upon these grounds, and the objector cannot now assume and argue other grounds. He must stand or fall by the grounds taken when the ruling was made. (*Tooley* v. *Bacon*, 70 N. Y., 34.)

There was no objection that the proper foundation had not been laid, and there was no objection that the witness Crosby had not been asked specifically, naming time and place. If such an objection had been taken and sustained, the defendant would have had an opportunity to obviate it. (*Gill* v. *McNamee*, 42 N. Y., 44; *Sparrowhawk* v. *Sparrowhawk*, 6 Weekly Digest, 281.) The learned counsel for plaintiff has cited us to the opinion of WELLS, J., in *Sprague* v. *Cadwell* (12 Barb., 518), to justify the ruling made below by the justice. In that case the specific objection was taken, "that while Sprague was being cross-examined his attention was not called to the conversation, nor to the time or place where, nor the person with whom, the conversation was held." The case there differs from this one before us, and is consistent with and in accord with the observations already made as to the point involved here. (*Budlong* v. *Nostrand*, 24 Barb., 25.) In that case the specific objection was taken and properly sustained.

*E. B. Hawes & Son*, for the appellant. *Wilbur A. Porter*, for the respondent.

Opinion by HARDIN, J. ; TALCOTT, P. J., and SMITH, J., concurred.

Judgment affirmed.